UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No.:  2:25-cr-18-KCD

MILSA SARAI PALACIOS,

    Defendant,
_____/

## **ORDER**

Defendant Milsa Sarai Palacios asks the Court to modify a condition of her probation. (Doc. 42.) She runs an accounting business, and she worries that a restriction on her spending will hamstring her ability to pay the company's bills. The Government opposes the request, arguing that the existing rules already provide a mechanism for her to make necessary expenditures. (Doc. 44.) Because the condition at issue is a gate rather than a wall, and because Defendant has not shown that the gate is locked against her, the motion is **DENIED**.

## I. Background

The facts simple enough. Defendant is currently serving a term of probation. As part of her sentence, the Court imposed a financial restriction found in many judgments. This special condition reads:

> The defendant shall be prohibited from incurring new
> credit charges, opening additional lines of credit, or

>> obligating yourself for any major purchases, exceeding $500, without approval of the probation officer.

(Doc. 44 at 1.)

Defendant operates "MP Accounting Services," a business that apparently generates expenses exceeding $500 per month. (Doc. 42 at 1.) She contacted her probation officer to ask if this condition applied to her business ledgers or only her personal ones. The officer—reading the text of the judgment accurately—confirmed that the condition makes no distinction between the two.

Faced with this answer, Defendant filed the instant motion. She asks the Court to carve out an exception for her business expenses, allowing her to spend over $500 on her company without seeking permission. (Doc. 42 at 1-2.) The Government responds that the modification is unnecessary because the condition already allows the probation officer to approve these transactions. (Doc. 44 at 2.)

## II. Discussion

Under 18 U.S.C. § 3563(c), a district court retains the authority to modify conditions of probation. *See, e.g.*, *United States v. McClamma*, 676 F. App'x 944, 946 (11th Cir. 2017). But that authority is not a license to rewrite judgments simply because a defendant finds them inconvenient. Rather, we

look to the sentencing factors in 18 U.S.C. § 3553(a) to ensure the conditions remain reasonably related to the goals of rehabilitation and public protection.

Here, Defendant's objection rests on a misunderstanding of what the special condition actually does. She treats the condition as a ban—a rigid ceiling on her ability to operate her business. But the text says something different. It prohibits major purchases *without approval*. The phrase "without approval" is the operative one. It transforms what might otherwise be a rigid barrier into a supervised process.

Courts have long recognized the utility of such financial conditions, particularly where, as here, a defendant is required to pay restitution. *See, e.g.*, *United States v. Garcia*, 522 F.3d 855, 861 (9th Cir. 2008). The purpose is not to stifle Defendant's livelihood, but to ensure that her financial obligations—including any restitution or fines—are not jeopardized by reckless spending. The proposed modification would remove this oversight entirely for "business expenses." But money is fungible, and the line between personal and business expenditures for a sole proprietor is often thinner than one might hope. To grant a blanket exemption would be to dismantle the very oversight mechanism the Court intended to put in place.

There is no evidence in the record that Defendant's probation officer has unreasonably withheld approval for legitimate business expenses. To the contrary, the Government represents that the probation officer has the

discretion—and the willingness—to approve appropriate expenditures. The Court must rely on probation officers to manage these day-to-day details.

If a day comes when Defendant is denied a necessary business expense without good reason, she may return to this Court. At that point, we would have a more concrete dispute to resolve. But the Court will not rewrite the rules of the road before the car has even left the driveway. The system is designed to work through cooperation between the defendant and the probation officer. Defendant should try that route first.

**ORDERED** in Fort Myers, Florida on January 14, 2026.

Kyle C. Dudek
United States District Judge