UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MILSA SARAI PALACIOS,

      Defendant,

                                     /

Case No.:  2:25-cr-18-KCD

**ORDER**

In June 2025, this Court sentenced Milsa Sarai Palacios to a two-year term of probation for two counts of wire fraud—a sentence well below the advisory guideline range. (Doc. 37.) Now having crossed the one-year mark, Palacios moves to terminate her probation. (Doc. 47.) She maintains that her unblemished compliance and full satisfaction of restitution mean she has earned an early release. (*Id.* at 2.) But while she is statutorily eligible to make this request, a clean record on supervision does not automatically turn into an early discharge. Under 18 U.S.C. § 3564(c), a district court maintains broad discretion to determine whether cutting a probationary term short is truly "warranted by the conduct of the defendant and the interest of justice." *See United States v. Reagan*, 162 F. App'x 912, 914 (11th Cir. 2006).

To be sure, Palacios has done what this Court asked of her. That is a good thing, and she deserves credit for it. But following the rules of probation

is the baseline expectation, not a gold star that automatically earns a defendant an early exit. *Id.* at 914. "Probation is a criminal sentence." *Pennington v. Taylor*, 776 F. Supp. 3d 1118, 1147 (M.D. Ala. 2025). It is designed to impose meaningful restrictions on a defendant's liberty, and it is not to be casually waved away the moment it becomes a nuisance or an inconvenience.

Context is everything here. When weighing the interests of justice alongside the other factors in 18 U.S.C. § 3553(a), the Court cannot ignore the sentence Palacios actually received. The advisory guidelines for her fraud convictions recommended 21 to 27 months in federal prison. She received a massive downward variance, avoiding prison entirely in favor of a short term of probation. To take that already lenient sentence and reduce it further would fundamentally undercut the purposes of sentencing. It would also fail to account for the seriousness of stealing hundreds of thousands of dollars in emergency funds, and it certainly would not promote respect for the law. *Cf. United States v. Boyd*, 606 F. App'x 953, 959 (11th Cir. 2015).

The sentence handed down a year ago was a considered judgment, and the interest of justice requires that Palacios serve it in full. Her motion to terminate probation (Doc. 47) is thus **DENIED**.

**ORDERED** in Fort Myers, Florida on July 8, 2026.


Kyle C. Dudek
United States District Judge

3